Carolyn Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Robert E. Morelli, III (SBN 363123)
**SCHNEIDER WALLACE COTTRELL KIM LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
rmorelli@schneiderwallace.com

Philippe M.J. Gaudard (SBN 331744)
**SCHNEIDER WALLACE COTTRELL KIM LLP**
515 S. Figueroa Street, Suite 1060
Los Angeles, CA 90071
Telephone: (213) 835-1550
Facsimile: (415) 421-7105
pgaudard@schneiderwallace.com

*Attorneys for Plaintiff and the putative Class*

[Additional Attorneys are listed in Next Page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

BRENDA MENDOZA, on behalf of herself and the putative Class Members

Plaintiff,

vs.

MARRIOTT INTERNATIONAL, INC.; MARRIOTT HOTEL SERVICES, LLC; DOES 1-99, inclusive,

Defendants.

Case No. 2:26-cv-02990-GW-MBK

**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**

(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);
(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);
(4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);
(5) Violation of California Labor Code

§ 226(a) (Non-Compliant Wage Statements);

(6) Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);

(7) Violation of California Business & Professions Code §§ 17200, et seq.

Case Removed: March 19, 2026
Complaint filed: March 20, 2024
Trial Date: None Set

**DEMAND FOR JURY TRIAL**

Tara Zahebi (SBN 314706)
Connie Lee (SBN 357364)
**LAWYERS *for* JUSTICE, PC**
450 N. Brank Blvd., Suite 900
Glendale, California 91203
Tel: (818) 265-1020/ Fax: (818) 265-1021
tara@calljustice.com
connie@calljustice.com

Attorneys for Plaintiff

COMES NOW, Plaintiff Brenda Mendoza ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated, and alleges as follows:

## JURISDICTION AND VENUE

1. This class action is brought pursuant to Fed. R. Civ. P. 23.

2. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. Section 1332(d), and this case was be removed pursuant to the provisions of 28 U.S.C. Section 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) the primary defendant is not a state, state official or other governmental entity; (3) the total amount in controversy for all class members exceeds $5,000,000; and (4) there is diversity between at least one class member and one defendant.

## PARTIES

3. Plaintiff Brenda Mendoza is an individual residing in the State of California.

4. Plaintiff is informed, believes, and thereon alleges that Defendant Marriott International, Inc ("Marriott International") is a Delaware-formed corporation, with its principal place of business in Bethesda, Maryland. Marriot International is registered to do business in California and employed Plaintiff in California. Defendant Marriot International may be served with process by serving its registered agent CSC-Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150 N, Sacramento, CA 95833.

5. At all relevant times, Defendant Marriott International was the "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

6. Plaintiff is informed, believes, and thereon alleges that Marriot Hotel Services, LLC ("Marriot Hotel Services") is a Delaware-formed limited liability company, with its principal place of business in Bethesda, Maryland. Marriot Hotel Services LLC is registered to do business in California and employed Plaintiff in California. Defendant Marriot Hotel Services, LLC may be served with process by

serving its registered agent CSC-Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150 N, Sacramento, CA 95833.At all relevant times, Defendant Marriot Hotel Services was the “employer” of Plaintiff within the meaning of all applicable California laws and statutes.

7. At all relevant times, Defendant Marriot Hotel Services was the “employer” of Plaintiff within the meaning of all applicable California laws and statutes.

8. At all times herein relevant, Defendants Marriott International, Marriot Hotel Services and DOES 1 through 99, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

9. Defendant Marriott International, Inc., Defendant Marriot Hotel Services, LLC, and DOES 1 through 99 will hereinafter collectively be referred to as “Defendants.”

10. The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 99, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

11. Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said Defendants employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

12. Plaintiff bring this action on her own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under Fed. R. Civ. P. 23(a) and (b)(3).

13. The proposed class is defined as follows:

> All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment and who reside in California.
>
> **Subclass A**: All class members who received overtime compensation at a rate lower than their respective regular rate of pay because Defendants failed to include all shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay in the calculation of the regular rate of pay for overtime pay purposes.

14. Plaintiff reserves the right to establish additional subclasses as appropriate.

15. The class is ascertainable and there is a well-defined community of interest in the litigation:

a. Numerosity: The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b. Typicality: Plaintiff's claims are typical of all other class members' as demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other class members with whom she has a well-defined community of interest.

c. Adequacy: Plaintiff will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e. Public Policy Considerations: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

16. There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

a. Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b. Whether Defendants' had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked and missed (short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law;

c. Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d. Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

e. Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

f. Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

g. Whether Defendants' conduct was willful or reckless;

h. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

i. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

j. Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

## GENERAL ALLEGATIONS

17. At all relevant times set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California, including the County of Los Angeles.

18. Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non- exempt employee, from approximately January 2010 to the present, in the State

of California, County of Los Angeles.

19. Defendants hired Plaintiff and the other class members, classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and missed meal periods and/or rest breaks.

20. Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members employment, and to supervise their daily employment activities.

21. Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

22. Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

23. Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

24. Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

25. Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California. This pattern and practice involved, inter alia, failing to pay them for all regular and/or overtime wages earned and for missed meal periods and rest breaks in violation of California law.

26. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked.

27. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used

to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek. While Plaintiff cannot state the exact dates or pay periods on which this occurred for her and class members without a full production of the applicable time and pay data, this information will be readily ascertainable in discovery.

28. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

29. For example, Plaintiff estimates that her and other class members' meal breaks were interrupted at least 50% of the time with questions and/or work-related tasks from managers and/or staff. Yet Plaintiff and class members were not paid all meal premium payments for these instances. Plaintiff and other class members' rest breaks were missed and/or interrupted for similar reasons.

30. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed.

31. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period

was missed.

32. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

33. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses as Plaintiff and the other class members were required to constantly use their pesonal phone for work without any reimbursement, as managers called and texted them constantly.

34. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

35. During the relevant time period, Defendants failed to pay overtime wages to Plaintiff and the other class members for all overtime hours worked. Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked.

36. During the relevant time period, Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek.

37. During the relevant time period, Defendants failed to provide all requisite

uninterrupted meal and rest periods to Plaintiff and the other class members.

38. During the relevant time period, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

39. During the relevant time period, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

40. During the relevant time period, Defendants failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

41. During the relevant time period, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

42. California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

**<u>FIRST CAUSE OF ACTION</u>**

**(Violation of California Labor Code §§ 510 and 1198)**

**(Against MARRIOTT INTERNATIONAL, INC., MARRIOT HOTEL SERVICES, LLC, and DOES 1 through 99)**

43. Plaintiff in corporates by reference the allegations contained in Paragraphs 1 through 42, and each and every part thereof with the same force and effect as though fully set forth herein.

44. California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

45. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40)

hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

46. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

47. California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

48. During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

49. During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members.

50. Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

51. Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

**SECOND CAUSE OF ACTION**

**(Violation of California Labor Code §§ 226.7 and 512(a))**

**(Against MARRIOTT INTERNATIONAL, INC., MARRIOT HOTEL SERVICES, LLC, and DOES 1 through 99)**

52. Plaintiff incorporates by reference the allegations contained in paragraphs

1 through 51, and each and every part thereof with the same force and effect as though fully set forth herein.

53. At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

54. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

55. At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

56. At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

57. During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

58. During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required

to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

59. During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods.

60. During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

61. Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

62. Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

## THIRD CAUSE OF ACTION

**(Violation of California Labor Code § 226.7)**

**(Against MARRIOTT INTERNATIONAL, INC., MARRIOT HOTEL SERVICES, LLC, and DOES 1 through 99)**

63. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 62, and each and every part thereof with the same force and effect as though fully set forth herein.

64. At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

65. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

66. At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

67. During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

68. During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

69. During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

70. Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

71. Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

## **FOURTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

**(Against MARRIOTT INTERNATIONAL, INC., MARRIOT HOTEL SERVICES, LLC, and DOES 1 through 99)**

72. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 71, and each and every part thereof with the same force and effect as though

fully set forth herein.

73. At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

74. During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1. These minimum wage violations occured during shifts were Plaintiff and class members performed the "off the clock" work alleged herein for 1 hour or more, which was most weeks of Plaintiff's employment. Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

75. Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

76. Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## **FIFTH CAUSE OF ACTION**

**(Violation of California Labor Code § 226(a))**

**(Against MARRIOTT INTERNATIONAL, INC., MARRIOT HOTEL SERVICES, LLC, and DOES 1 through 99)**

77. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 76, and each and every part thereof with the same force and effect as though

fully set forth herein.

78. At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

79. Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements. The deficiencies include, but are not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members.

80. As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

81. More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

82. Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

83. Plaintiff and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h).

**SIXTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 2800 and 2802)**

**(Against MARRIOTT INTERNATIONAL, INC., MARRIOT HOTEL SERVICES, LLC, and DOES 1 through 99)**

84. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 83, and each and every part thereof with the same force and effect as though fully set forth herein.

85. Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

86. Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

87. Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

88. Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

/ / /

**<u>SEVENTH CAUSE OF ACTION</u>**

**(Violation of California Business & Professions Code §§ 17200, et seq.)**

**(Against MARRIOTT INTERNATIONAL, INC., MARRIOT HOTEL SERVICES, LLC, and DOES 1 through 99)**

89. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 88, and each and every part thereof with the same force and effect as though fully set forth herein.

90. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors. Accordingly, Plaintiff seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

91. Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

92. A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law. In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1. Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, 202 and 204. Defendants also violated California Labor Code sections 226(a), 2800 and 2802.

93. As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

94. Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

95. Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years preceding the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

**DEMAND FOR JURY TRIAL**

Plaintiff, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

**Class Certification**

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representative of the Class;

3. That counsel for Plaintiff be appointed as Class Counsel; and

4. That Defendants provide to Class Counsel immediately the names and most current/ last known contact information (address, e-mail and telephone numbers) of all class members.

**As to the First Cause of Action**

5. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by

willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9. For such other and further relief as the Court may deem just and proper.

**As to the Second Cause of Action**

10. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

11. That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12. For all actual, consequential, and incidental losses and damages, according to proof;

13. For premium wages pursuant to California Labor Code section 226.7(c);

14. For pre-judgment interest on any unpaid wages from the date such amounts were due;

15. For reasonable attorneys' fees and costs of suit incurred herein; and

16. For such other and further relief as the Court may deem just and proper.

**As to the Third Cause of Action**

17. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

18. That the Court make an award to Plaintiff and the other class members of

one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19. For all actual, consequential, and incidental losses and damages, according to the proof;

20. For premium wages pursuant to California Labor Code section 226.7(c);

21. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22. For such other and further relief as the Court may deem just and proper.

**As to the Fourth Cause of Action**

23. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

24. For general unpaid wages and such general and special damages as may be appropriate;

25. For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

26. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28. For liquidated damages pursuant to California Labor Code section 1194.2; and

29. For such other and further relief as the Court may deem just and proper.

**As to the Fifth Cause of Action**

30. That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide

accurate itemized wage statements thereto;

31. For actual, consequential and incidental losses and damages, according to proof;

32. For statutory penalties pursuant to California Labor Code section 226(e);

33. For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h); and

For such other and further relief as the Court may deem just and proper.

**As to the Sixth Cause of Action**

34. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

35. For actual, consequential and incidental losses and damages, according to proof;

36. For the imposition of civil penalties and/or statutory penalties;

37. For reasonable attorneys' fees and costs of suit incurred herein; and

38. For such other and further relief as the Court may deem just and proper.

**As to the Seventh Cause of Action**

39. That the Court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff's and the other class members' wages timely as required by California Labor Code section 201, 202 and 204 and by violating California Labor Code sections 226(a), 1174(d), 2800 and 2802.

40. For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

41. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

42. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

43. For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

44. For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

Date: April 28, 2026

*<u>/s/ Robert E. Morelli, III</u>*
Carolyn H. Cottrell
Ori Edelstein
Robert E. Morelli, III
Philippe M.J. Gaudard
**SCHNEIDER WALLACE COTTRELL KIM LLP**

Tara Zahebi
Margaux Gundzik
Connie Lee
**LAWYERS FOR JUSTICE, PC**

*Attorneys for Plaintiff and the putative Class*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Central District of California, by using the Court's CM/ECF system on April 28, 2026. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the Court's CM/ECF system.

Date: April 28, 2026

*/s/ Robert E. Morelli, III*
Robert E. Morelli, III
**SCHNEIDER WALLACE**
**COTTRELL KIM LLP**

*Attorneys for Plaintiff and the putative Class*